UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20922-BLOOM/Louis

GE MEDICAL SYSTEMS S.C.S.,

    Plaintiff,

v.

SYMX HEALTHCARE CORPORATION,

    Defendant.
_____/

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon Plaintiff GE Medical Systems, S.C.S.'s ("Plaintiff") Verified Motion to Affix Attorneys' Fees and Costs, ECF No. [106] ("Fee Motion"), and its Motion to Tax Costs Pursuant to 28 U.S.C. § 1920, ECF No. [107] ("Costs Motion"), (collectively, the "Motions"). Defendant SYMX Healthcare Corporation ("Defendant") has not opposed either of the Motions and the time within which to do so has now passed. The Court has carefully reviewed both Motions, the supporting documentation, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, both Motions are granted.

    **I. BACKGROUND**

This Court previously granted Plaintiff's Motion to Enforce Settlement Agreement and for Entry of a Consent Judgment. *See* ECF No. [101] ("Order"). In that Order, the Court issued its detailed Findings of Fact and Conclusions of Law, determining that Plaintiff and Defendant entered into a binding Settlement Agreement; Defendant materially breached the Settlement Agreement by failing to make or cure any of the defaulted installment payments owed; and,

pursuant to the terms of the Settlement Agreement, Plaintiff is entitled to both the entry of a consent judgment for the outstanding Settlement Payment and attorneys' fees and costs allowed under the parties' Settlement Agreement. *Id.* The Court further issued the Consent Final Judgment, as set forth in the parties' Settlement Agreement. *See* ECF No. [104] ("Consent Judgment"). Plaintiff now seeks to recover its attorneys' fees and costs, as agreed by the parties in their Settlement Agreement, and Defendant does not oppose either request.

## II. DISCUSSION

### A. Attorneys' Fees

"Generally, under the 'American Rule,' each party must pay its own attorney's fees, unless a statute or contract provides otherwise." *Cabrera v. Haims Motors, Inc.*, No. 17-cv-60500, 2018 WL 2455438, at *2 (S.D. Fla. June 1, 2018) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)), *report and recommendation adopted*, No. 17-cv-60500, 2018 WL 4409844 (S.D. Fla. June 19, 2018); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract); *Hampton's Estate v. Fairchild-Fla. Const. Co.*, 341 So. 2d 759, 761 (Fla. 1976) (attorneys' fees are not recoverable unless a statute or a contract specifically authorizes their recovery). Moreover, the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "Because the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera*, 2018 WL 2455438, at *2 (citing *Fla. Med. Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

Plaintiff requests attorneys' fees amounting to $500,756.27, which is comprised of $162,350.00 billed by various partners on this case, $336,685.00 billed by the associates assisting on the case, and $47,901.50 billed by the paralegals and other timekeepers assigned to this case. Plaintiff's Fees Motion, and the attached Declaration of Attorney Julie A. Hardin, ECF No. [106-1] ("Declaration"), explain that all of the attorneys who did work on this case billed at a deeply discounted, blended hourly rate of $425.00 per hour, and that the paralegals and other timekeepers, including a trial technology specialist, charged discounted hourly rates ranging from $150.00 to $325.00 per hour for the time spent on this matter. *See generally id.* at 19-303. These discounted rates were provided to GE due to the unique circumstances of this case, which are described in detail in the Fees Motion. Thus, the Court must determine whether the rates and hours expended in this case are reasonable.

In *Norman,* the Court of Appeals for the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorneys' fees. First, a court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Norman,* 836 F.2d at 1299; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The party applying for attorneys' fees bears the burden of submitting satisfactory evidence to establish both that the

3

requested rate is in accord with the prevailing market rate and that the number of hours billed is reasonable. *Id.* at 1303.

After calculating the lodestar fee, the court then proceeds with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may rely on a number of factors, including the quality of the results and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id*. (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed the requested attorneys' fees and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorneys, the Court considers the factors elucidated in *Norman* and other relevant case law, and it also relies upon its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Defendant's lack of opposition, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'"). The hourly rates charged in this matter ($425.00 blended hourly rate for all attorneys who billed on this matter and rates ranging from $150.00 to $325.00 per hour for paralegal and other specialized timekeepers) are not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the results obtained were

"excellent." Therefore, the award of fees "will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435.

### B. Non-Taxable Costs

In this case, the Settlement Agreement provided that Plaintiff could "[u]ndertake any legal action or claim before the U.S. District Court for the Southern District of Florida to collect payment of any remaining amount due," upon Defendant's default and failure to cure. ECF No. [21-1] at 3. Furthermore, the Settlement Agreement explicitly stated that "[*a*]*ny* attorneys' fees and costs borne by GE in relation to any legal proceedings or claims shall be paid by SYMX if GE is the prevailing party." *Id.* (emphasis added).

Plaintiff now seeks to recover $94,464.38 in non-taxable costs that were incurred in an effort to collect the outstanding settlement amount owed by Defendant. These non-taxable costs include those costs incurred in sending out the five notices of default to Defendant, the costs related to the significant discovery that Defendant sought in advance of the evidentiary hearing in this matter, and the costs incurred in preparation for and during the live evidentiary hearing held in this matter. *See* ECF No. [106-1] at 16-17. Upon review, these costs were necessarily incurred during Plaintiff's attempts to collect payment of the remaining amount due under the Settlement Agreement and the Court therefore concludes that Plaintiff is entitled to recover these non-taxable costs in full. *See Managed Care Sols., Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2013 WL 12086769, at *3 (S.D. Fla. Nov. 20, 2013) (concluding that the non-taxable costs "were necessary disbursements in the litigation" and were therefore recoverable pursuant to the parties'

contractual agreement), *report and recommendation adopted*, No. 10-60170-CIV, 2014 WL 12479993 (S.D. Fla. Jan. 14, 2014).

    **C. Taxable Costs**

Plaintiff also seeks an award of taxable costs in the amount of $11,354.16, which includes costs incurred in making copies of the materials required for the four-day evidentiary hearing, deposition transcript costs, and costs of witnesses traveling to testify at the live evidentiary hearing, all of which Plaintiff contends were necessarily incurred in this case. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, No. 10-61514-CIV, 2011 WL 1598732, (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

6

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course," and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (citations omitted). "Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable." *Tejeda v. Swire Props., Inc.*, No. 18-23725-CIV, 2019 WL 8160724, at *3 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, No. 18-23725-CIV, 2020 WL 1062975 (S.D. Fla. Mar. 5, 2020); *see also Eugene v. 3Don & Partner Est. Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009).

Plaintiff is the prevailing party in this matter and seeks to recover the costs of obtaining transcripts, necessary copying expenses incurred in preparation for the evidentiary hearing, and costs associated with witnesses traveling to testify at the evidentiary hearing. Additionally, Plaintiff has submitted all relevant documentation in support of its request, and the associated invoices and payment records. *See* ECF Nos. [106-1] & [107-1]. Based upon a review of the materials submitted by Plaintiff, the Court finds that the requested costs are reasonable, supported by the exhibits, and are recoverable. *See, e.g.*, *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir.

2000) (noting that copy costs necessarily obtained for use in a case are recoverable); *Greer v. Ivey*, No. 6:15-cv-677-Orl-41GJK, 2020 WL 2841377, at *2 (M.D. Fla. Apr. 28, 2020) ("[T]ranscripts are taxable costs if they were 'necessarily obtained' for use in the case." (quoting *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-cv-2960-T-SPF, 2020 WL 1873595, at *8 (M.D. Fla. Apr. 15, 2020))), *report and recommendation adopted*, No. 6:15-cv-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020); *Brown v. Lassiter-Ware, Inc.*, No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014) ("Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." (citation omitted)); *Dasher v. Mut. Life Ins. Co. of N.Y.*, 78 F.R.D. 142, 145 (S.D. Ga. 1978) (concluding that travel expenses of witnesses who were necessarily present at trial were taxable against the losing party). Accordingly, Plaintiffs are entitled to recover $11,354.16 in taxable costs.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Motion to Affix Attorneys' Fees and Costs, **ECF No. [106]**, is **GRANTED**. Plaintiff is awarded **$500,756.27** in attorneys' fees, and **$94,464.38** in non-taxable costs.

2. Plaintiff's Motion to Tax Costs Pursuant to 28 U.S.C. § 1920, **ECF No. [107]**, is **GRANTED**. Plaintiff is awarded **$11,354.16** in taxable costs.

3. The Court retains jurisdiction as needed to enforce and/or modify this award to account for any additional fees and costs that Plaintiff may incur during the course of its collection efforts.

Case No. 18-cv-20922-BLOOM/Louis

**DONE AND ORDERED** in Chambers in Miami, Florida, on May 14, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record